# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**CASE NO.:**

BRIAN MICHAEL ALLEN,

        Plaintiff,

v.

earlfamily Official Store, Bad Fish
Custom Decals, Edward & Co, LLS
Smile Shop, StickerBombVinyl, Sticky
Expressions, TekExpedition Inc., Shedo
Technology, Forland, AGDesign Print,
DesignDreamerr, DZIWAWA,
EverLife, Graphic Master, Aesthetic
Journey, CmyJnnX, DiyCondb,
DWAquarius, Good Mens Casual
Clothing, HY Luxury menswear, Silkco
custom, Style Selections X, TeeMingle,
xuqingjiafang, Yuri Style clothing
local, cmx0001, lyj1989,
Zhoumin0586, Little Ant DIY Art
Painting, Las Four, Shirt Bolle, and
Monsterry,

        Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff BRIAN MICHAEL ALLEN ("ALLEN"), by and through his

undersigned counsel, brings this complaint against Defendants, earlfamily Official

Store, Bad Fish Custom Decals, Edward & Co, LLS Smile Shop,

StickerBombVinyl, Sticky Expressions, TekExpedition Inc., Shedo Technology, Forland, AGDesign Print, DesignDreamerr, DZIWAWA, EverLife, Graphic Master, Aesthetic Journey, CmyJnnX, DiyCondb, DWAquarius, Good Mens Casual Clothing, HY Luxury menswear, Silkco custom, Style Selections X, TeeMingle, xuqingjiafang, Yuri Style clothing local, cmx0001, lyj1989, Zhoumin0586, Little Ant DIY Art Painting, Las Four, Shirt Bolle, and Monsterry (collectively, "Defendants") who are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's Works within this district through internet based e-commerce stores on online marketplace(s), and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1.     Plaintiff brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of his Works in violation of 17 U.S.C. §§ 501 and 1202, and for all the remedies available under the Copyright Act 17 U.S.C. §§ 101 *et seq.,* 17 U.S.C. § 1203, and The All Writs Act, 28 U.S.C. § 1651(a).

## SUBJECT MATTER JURISDICTION

2.     This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

4.      This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

## PERSONAL JURISDICTION

5.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Georgia and this district, through internet based e-commerce stores accessible in Georgia and operating under their Seller IDs.

6.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Georgia cause Plaintiff injury in Georgia, and Plaintiff's claims arise out of those activities.

7.      Defendants maintain online internet-based e-commerce stores on online marketplace(s) where Defendants sell a variety of goods to Georgia residents. Georgia residents can access the Defendants' online internet-based e-commerce stores on online marketplace(s) to purchase an endless variety of goods.

8.      Georgia residents can readily access the defendants' online internet-based e-commerce stores on online marketplace(s). Georgia residents can browse

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

goods offered for sale by Defendants that are available to ship directly to homes in Georgia, and also are available for pickup in Georgia at different locations.

9.      Defendants target their business activities toward consumers throughout the United States, including within this district. Defendants promote sales on the internet to Georgia residents through a variety of methods including search engine optimization (SEO) efforts, follow-up emails to Georgia residents, and banner ads promoting products that direct customers, including Georgia residents, to additional information on those products.

10.     Defendants secure direct financial benefit from purchases made by Georgia residents as well as indirect commercial gain from the web traffic and sales generated to Georgia residents.

11.     A substantial part of the Defendants' revenue derives from their sales to Georgia customers.

12.     Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Georgia cause Plaintiff injury in Georgia, and Plaintiff's claims arise out of those activities, pursuant to GA Code § 9-10-91.

13.     Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

14.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not residents in the United States and therefore there is no district in which an action may otherwise be brought.

15.    Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

## THE PLAINTIFF

16.    Brian Allen is an award-winning illustrator living in Bellefonte, Pennsylvania.

17.    Allen has been a professional illustrator since graduating from Penn State University in 2004. Since 2012, Allen has been fully independent, running his own Freelance Illustration Studio, Flyland Designs, Inc.

18.    Allen's artwork has been featured by many worldwide companies and brands such as Activision, Tony Hawk, Marvel, Harley Davidson, Adult Swim, Hulk Hogan, Chick-Fil-A, and many more. Allen has also worked with some of the top bands in the music industry, such as Metallica, Primus, Queens of the Stone

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

Age, and Blink-182. Allen is most known for his work designing Gritty, the Philadelphia Flyers mascot that became an internet phenomenon.

19.     Allen's works of art are sold legitimately through authorized distributors at the following URLs:  https://pasttimesigns.com/, https://www.amazon.com/stores/NostalgiaDecals/page/570E6ACD-1158-406C-B85E-2BFA76039DBE, and https://www.ebay.com/str/r311outlaw.

20.     Allen is the exclusive owner with all rights in and to the copyright described below, which is the subject of this action.

21.     Plaintiff offers for sale and sells its products within the state of Georgia, including this district, and throughout the United States.

22.     Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein.

23.     Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

24.     In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff expends significant resources in connection with its intellectual property enforcement efforts, including legal fees and investigative fees.

25.     The explosion of infringement over the Internet has created an environment that requires individuals like Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion, the erosion of Plaintiff's brand, and the harm to the value of Plaintiff's intellectual property.

## PLAINTIFF'S COPYRIGHT RIGHTS

26.     Plaintiff is the owner of the intellectual property rights set forth below.

27.     Plaintiff regularly registers his Work with the Register of Copyrights as two-dimensional artworks (the "Copyrighted Works"), as detailed in the table below. True and correct copies of Copyright Certificates of Registration and the Copyrighted Works they apply to are attached hereto as Composite Exhibit 1.

| Copyright Reg. No. | Copyright Title | Reg. Date |
|---|---|---|
| VAu 1-419-621 | Folio 4 | 12.23.2020 |
| VA 2-366-264 | Navy Eagle Decal | 7.31.2023 |
| VA 2-378-002 | Love it or Leave it | 11.3.2023 |
| VA 2-381-433 | Skull and Wings | 11.27.2023 |

28.     Plaintiff's illustrations and designs are widely legitimately advertised and promoted by Plaintiff. Plaintiff has collaborated with and provided artwork to

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

well-known brands including Activision, Tony Hawk, Marvel, Harley Davidson, Adult Swim, Hulk Hogan, Chick-Fil-A, and many more.

29.    At all relevant times Plaintiff was the owner of the Works at issue in this case.

30.    The Works are protected by copyright but are not otherwise confidential, proprietary, or trade secret.

## **DEFENDANTS**

31.    The Defendants are the following individuals or entities who are currently known to the Plaintiff only by their Seller ID as follows:

| Business Name Provided Online | Seller Name | Seller ID | Physical Address Provided Online |
|---|---|---|---|
| Zhejiang Youtai Electronic Commerce Co., Ltd. | earlfamily Official Store | 4385068 | Room 507, Floor 5, Building 6, No. 735 Jianghong Road, Change Street, Binjiang District, Hangzhou City, Zhejiang Province, 330108 CN |
| David Kewley | Bad Fish Custom Decals | AK3KCL8W76NLA | 20075 17th Ave Sandy Hook mb R0C2W0 CA |
| Sergei Bedenko | Edward & Co | AME3D71VD66BN | Prkt Geroyev Stalingrada 30 apt 58 Kyiv Kyiv region 299014 UA |

| Business Name Provided Online | Seller Name | Seller ID | Physical Address Provided Online |
|---|---|---|---|
| YEVHEN NESTORYK | LLS Smile Shop | A3OKG5PIAJI3E7 | street Nova, building 46 village Mostyshche area Volynska, district Kamin-Kashyrskyi, 44515 UA |
| Diane Kewley | StickerBombVinyl | A35LFI1OHMDF7J | PO Box 216 Sandy Hook Manitoba R0C2W0 CA |
| Sticky Expressions Inc. | Sticky Expressions | A38LA9Y8S9GFWF | 1067 Easterbrook Crescent Milton ON L9T 0C4 CA |
| Rims E-Commerce Inc. | TekExpedition Inc. | A21TL6FT8OBWLD | 5215 Tresca Trail Mississauga Ontario L5M0C9 CA |
| shenzhenshixidaokejiyouxiangongsi | Shedo Technology | ATVPDKIKX0DER | 龙岗区坂田街道坂田社区长坑路东三巷5号A座805深圳市广东518000CN |
| shenzhenshihouzedianzishangwuyouxiangongsi | Forland | A2N7331XFUSK7Y | 平湖街道禾花社区华南大道一号华南国际印刷纸品包装物流区二期2号楼B1A119深圳市龙岗区广东省518111CN |
| ryanmackk | AGDesign Print | AGDesign Print | Canada |
| N/A | DesignDreamerr | designdreamerr | N/A |
| N/A | DZIWAWA | dziwawa | İstanbul/Turkey |

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

| Business Name Provided Online | Seller Name | Seller ID | Physical Address Provided Online |
|---|---|---|---|
| N/A | EverLife | everlife | N/A |
| N/A | Graphic Master | kzadro | N/A |
| Putianshilichengquzhendeduobaihuolingshoudian | Aesthetic Journey | 634418211672917 | No. 59, Caopu Village, Hengtang Village, Huangshi Town, Licheng District, Putian City, Fujian Province Licheng District 351100 Fujian Province, Putian City China |
| CmyJnnX | CmyJnnX | 634418216766395 | N/A |
| Ningdeshijiaochengqujiaonanjiedaohelidebaihuolingshouchaoshi | DiyCondb | 634418219196219 | Room 1602, Building 1, Tianhu Haojing, No. 5 Tianhu West Road Jiaocheng District 352100 Fujian Province, Ningde City China |
| Wuhanshixinzhouquyunrufenggongyipingongzuoshi(getigongshanghu) | DWAquarius | 634418220403526 | No. 77-9, Yihe Village, Pantang Street, Xinzhou District, Wuhan City, Hubei Province Xinzhou District 431400 Hubei Province, Wuhan China |

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

| Business Name Provided Online | Seller Name | Seller ID | Physical Address Provided Online |
|---|---|---|---|
| Linyishunlimaoyi Co., Ltd. | Good Mens Casual Clothing | 634418219844302 | Room 8-803, Building A10, Lushang Center, Junction of Guangzhou Road and Xiaohe Road, Liuqing Street, Lanshan District, Linyi City, Shandong Province Lanshan District 276002 Shandong Province, Linyi City China |
| Linyihuanyuxingshuoguojimaoyi Co., Ltd. | HY Luxury menswear | 634418219723809 | Room 11-1106, Building A12, Lushang Center, Junction of Guangzhou Road and Xiaohe Road, Liuqing Street, Lanshan District, Linyi City, Shandong Province Lanshan District 276002 Shandong Province, Linyi City China |

| Business Name Provided Online | Seller Name | Seller ID | Physical Address Provided Online |
|---|---|---|---|
| Putianmeizhouwanbeianjingjikaifaqujianrongfadianzishangwu Co., Ltd. | Silkco custom | 634418218435047 | No. 185, Wenjia Village, Shanting Town, Xiuyu District, Putian City, Fujian Province Xiuyu District 351152 Fujian Province, Putian City China |
| Style Selections X | Style Selections X | 6344182160537 2 | N/A |
| Shamenshibayingxinxikeji Co., Ltd. | TeeMingle | 634418219742516 | Unit A, Room 1703, No. 19, Jiangtou West Road Huli District 361006 Fujian Province, Xiamen City China |
| N/A | xuqingjiafang | 634418214157351 | N/A |
| N/A | Yuri Style clothing local | 6344182159335 92 | N/A |
| N/A | cmx0001 | 5fa004968e1e5ff54e66083f | 荔园西路滨河豪园小区2号楼2001 莆田市, 福建省 Mainland China (CN), 351100 |
| N/A | lyj1989 | 5b9d41f47d0cb61b55ff3bb0 | 天河区凤凰街道柯木塱榄元街24号 广州市, 广东省 Mainland China (CN), 510000 |

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

| Business Name Provided Online | Seller Name | Seller ID | Physical Address Provided Online |
|---|---|---|---|
| N/A | Zhoumin0586 | 5ff574b4f9509103084df1ab | 河南开封禹王台区长风花园25号楼3单元1903 安庆市, 安徽省 Mainland China (CN), 475003 |
| xiangchengshixiaomayimaoyiyouxiangongsi | Little Ant DIY Art Painting | 101654940 | 16C East, 16th Floor, Unit 1, Building 9, Smart Fashion Xintiandi, Xiangcheng City Zhoukou, HA 466200, CN |
| Lasfour | Las Four | Las Four | 60-62 Thai Van Lung, Hoa Xuan Ward, Cam Le District, Da Nang City, Viet Nam, 550000 |
| N/A | Shirt Bolle | Shirt Bolle | N/A |
| Monsterry | Monsterry | Monsterry | 1050 Lakes Dr Suite 225, West Covina, CA 91790, United States |

32.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

33.     Defendants are individuals and/or business entities, each of whom, upon information and belief, either resides and/or operates in foreign jurisdictions, redistributes products from the same or similar sources in those locations, and/or

ships their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

34.     Defendants are engaged in business in Georgia but have not appointed an agent for service of process.

35.     Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs.

36.     Defendants target their business activities toward consumers throughout the United States, including within this district, through their simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

37.     Defendants are the past and present controlling forces behind the sale of products infringing Plaintiff's intellectual property rights as described herein operating and using at least the Seller IDs.

38.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods infringing Plaintiff's intellectual property rights to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Plaintiff.

39.     Defendants purposefully direct some portion of their illegal activities towards consumers in the state of Georgia through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

40.     Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the marketplace where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

41.     Upon information and belief, many defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

42.     Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale counterfeits and infringements of Plaintiff's intellectual property rights unless preliminarily and permanently enjoined.

43.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

44.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of counterfeits and infringements of Plaintiff's

intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.

45. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's right to use and license such copyrights.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

46. Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's intellectual property within this district.

47. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

48. Joinder of the Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

transactions or occurrences; and common questions of law or fact will arise in the action.

49.     Joinder of the Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court.

50.     Joinder of the Defendants will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

51.     Joinder of the Defendants is procedural only and does not affect the substantive rights of any defendant.

52.     Plaintiff's claims against the Defendants are all transactionally related.

53.     Plaintiff is claiming counterfeiting and piracy against Defendants of Plaintiff's intellectual property rights.

54.     The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

55.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

56.     Upon information and belief, all Defendants are located in foreign jurisdictions, mostly China.

57.     All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal counterfeiting activities.

58.     All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

59.     All Defendants take advantage of a set of circumstances that the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Plaintiff's intellectual property rights with impunity.

60.     All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in counterfeiting.

61.     Defendants operate online stores that offer shipping to the United States, including Georgia, and accept payment in U.S. dollars.

62.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

63.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

64.     All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti-counterfeiting efforts are discovered or Plaintiff obtains a monetary award.

65.     All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

66.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

67.     The Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs. As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

68.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property

rights are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.

69.    Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

70.    Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Georgia and causing Plaintiff harm and damage within this jurisdiction.

71.    The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiffs' intellectual property rights and the destruction of the legitimate market sector in which it operates.

72.    Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights as vested in Plaintiff's Copyrights.

## DEFENDANTS' INFRINGING ACTIVITIES

73.     Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies or imitations of Plaintiff's product in interstate commerce that are infringements of Plaintiff's Copyrighted Works (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs.

74.     Specifically, Defendants are using infringements of the Copyrighted Works to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

75.     Plaintiff has used the Copyrighted Works continuously before Defendants began offering goods bearing or using unauthorized reproductions or derivative works of Plaintiff's Copyrighted Works.

76.     Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Copyrighted Works.

77.     Defendants have removed Plaintiff's identifying information from the Copyrighted Works and used the altered version to sell their Infringing Goods.

78.     Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

on, at least, one Internet marketplace website operating under, at least, the Seller

IDs.

79.    In so advertising their stores and products, Defendants improperly and

unlawfully use reproductions or versions of the Copyrighted Works, or derivative

thereof, without Plaintiff's permission.

80.    As part of their overall infringement and counterfeiting scheme, most

Defendants are, upon information and belief, concurrently employing and

benefitting from substantially similar, advertising and marketing strategies based,

in large measure, upon an illegal use of infringements of the Copyrighted Works.

81.    Specifically, Defendants are using infringements of the Copyrighted

Works in order to make their e-commerce stores selling illegal goods appear more

relevant and attractive to consumers searching for both Plaintiff's Copyrighted

Works and goods sold by Plaintiff's competitors online.

82.    By their actions, Defendants are contributing to the creation and

maintenance of an illegal marketplace operating in parallel to the legitimate

marketplace for Plaintiff's genuine Copyrighted Works and its associated prodcuts.

83.    Defendants are causing individual, concurrent and indivisible harm to

Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties

of their right to fairly compete for space within search engine results and reducing

the visibility of Plaintiff's genuine Copyrighted Works on the World Wide Web,

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

(ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its Works and educate consumers via the Internet.

84.    Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

85.    As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

86.    Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Copyrighted Works, including its exclusive right to use and license such intellectual property.

87.    Defendants' use of the Copyrighted Works, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

88.    Defendants are engaging in the above-described illegal infringing and counterfeiting activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights.

89.    If Defendants' intentional infringing and counterfeiting activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

90.    Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias, e-commerce stores, or seller identification names being used and/or controlled by them.

91.    Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

92.    Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

93.    The harm and damage sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

94.    Defendants have sold their Infringing Goods in competition directly with Plaintiff's genuine products.

95.    Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's Copyrighted Works.

96.    Plaintiff has no adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

97.    Plaintiff incorporates the allegations of paragraphs 1 through 96 of this Complaint as if fully set forth herein.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

98.    Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyright at issue in this action.

99.    Pursuant to 17 U.S.C. § 411 (a), Plaintiff registered a copyright for its Works.

100.    Defendants copied, displayed, and distributed Plaintiff's Copyrighted Works and/or prepared derivative works based upon Plaintiff's Copyrighted Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2), and/or (5).

101.    Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's Copyrighted Works.

102.    Defendants profited from the direct copyright infringement of the exclusive rights of Plaintiff in the Works at issue in this case under the Copyright Act.

103.    On information and belief, there is a business practice of infringement by Defendants.

104.    On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

105.    Plaintiff has been damaged by the infringement.

106.    The harm to Plaintiff is irreparable.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

107.   Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

108.   As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages and statutory damages, as well as Defendants' profits pursuant to 17 U.S.C. §504(b) and (c).

109.   Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in this action.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

110.   Plaintiff incorporates the allegations of paragraphs 1 through 96 of this Complaint as if fully set forth herein.

111.   Plaintiff's Copyrighted Works contained copyright information (CMI) as defined by 17 U.S.C. § 1202 including Plaintiff's name, a copyright notice ©, and Plaintiff's name of business.

112.   Defendants knowingly and with the intent to enable or facilitate copyright infringement removed from and failed to display the CMI in the work at issue in this action in violation of 17 U.S.C. § 1202(b), as shown below. Further examples of Infringing Goods in violation of 17 U.S.C. § 1202(b) can be found at Composite Exhibit 2.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

**Plaintiff's Original Artwork "Love it or Leave it!"**



Plaintiff's name, business, and copyright notice

**Defendant Bad Fish Custom Decals Infringing Product:**



Missing Plaintiff's name, business, and copyright notice

113.    Defendants committed these acts knowing or having reasonable

grounds to know that they will induce, enable, facilitate, or conceal infringement of

Plaintiff's rights in the Works at issue in this action protected under the Copyright Act.

114. Plaintiff has been damaged.

115. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

   a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C. §§ 502 and 503 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from copying, displaying, distributing or creating derivative works of Plaintiff's Copyrighted Works.

   b. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including

28

providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods using infringement of the Copyrighed Works, that copy, display, distribute or use derivative works of Plaintiff's registered copyrights.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods using infringements of the Copyrighted Works.

d. Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA

Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller ID's.

f.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, inter alia, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods using infringements of the Copyrighted Works via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiff's

request, any other listings and images of goods using infringements of the Copyrighted Works associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods using infringements of the Copyrighted Works.

g.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing and/or using the Copyrighted Works in its inventory, possession, custody, or control, and surrender those goods to Plaintiff.

h.  Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of

corrective advertising and providing written notice to the public.

i.  Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Plaintiff's election), for all infringements involved in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

j.  Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

k.  Entry of an award pursuant to the state unfair or deceptive practice statutes sued upon for actual and/or statutory damages,

Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action.

l.  Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

m. Entry of an award pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203 of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆TENNESSEE ◆ NEW YORK ◆ INDIANA

n. Entry of an award of pre-judgment interest on the judgment amount.

o. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: January 14, 2026

Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN
Georgia Bar Number: 377422
evan.andersen@sriplaw.com
ANTHONY J. UNDERWOOD
Georgia Bar Number: 685078
anthony.underwood@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta. GA 30326
470.598.0800 – Telephone
561.404.4353 - Facsimile

*Counsel for Plaintiff Brian Michael Allen*

34
**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA